UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JUSTIN MUIR ET AL** | **CASE NO. 2:18-CV-01332** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SASOL CHEMICALS U S A L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Apache Industrial Services, Inc.'s Motion for Summary Judgment" (Doc. 32) wherein the mover seeks to be dismissed from the lawsuit because it owed no duty to Plaintiff Justin Muir. As of this date, no opposition has been filed and the time for doing so has lapsed.

## FACTUAL STATEMENT

On February 6, 2018, Plaintiff Justin Muir was working for Turner Industries as a welder helper at the Sasol Plant in Westlake, Louisiana. On this date, Mr. Muir was working on the second elevation of a "3000 Rack." The designated route for accessing the second elevation level of the rack was by using the level two scaffolding.[1] Rather than using the level two scaffolding, to access his job site, Mr. Muir climbed to the level three scaffolding and climbed thoughts its guardrails onto pipes with the intention of dropping below the pipes to elevation level two.[2]

---

[1] Defendant's exhibit A, Justin Muir Deposition, p. 89:20-25; Defendant's exhibit B, Francis Brossette Deposition, p. 10:15-18.
[2] Defendant's exhibit A, Muir Deposition, P. 58:11-18.

After placing one foot on a 2-inch pipe and his other foot on a 6-inch pipe, Mr. Muir slipped and fell onto the pipes. Mr. Muir did not report any issue with the level two scaffolding prior to the accident and there were no reported defects, dangerous conditions, or violations of code or industry standards related to the subject scaffolding.[3]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[3] Id. pp. 86-87; Defendant's exhibit B, Brossette Deposition, p. 17:3-11, 20:9-14.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Defendant Apache maintains that it is entitled to a summary dismissal because Plaintiff, Justin Muir, cannot establish that Apache owed a duty to Mr. Muir. Apache contends that exiting the scaffolding and taking an alternate, undesignated path was an open and obvious hazard.

Louisiana courts have adopted a duty-risk analysis in determining whether liability exists under the facts of a particular case. Under this analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Christy v. McCalla,* 79 So.3d 293, 299 (citing *Pinsonneault v. Merchants & Farmers Bank & Trust company,* 86 So.2d 270, 275-76 (La 4/3/02).

The threshold issue in any negligence action is whether the defendant owed a duty to the plaintiff. *Milbert v. Answering Bureau, Inc.,* 120 So.3d 678, 687-88 (La. 6/28/13).

"Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent." *Crace v. Huntington Ingalls, Inc.* 670 Fed. Appx. 196, 198 (5th Cir. 2016).

Here, Plaintiff fell while walking on narrow pipes; he brings a negligence action against Apache for defectively designing, constructing and installing a ladder and scaffolding. Mr. Muir testified that he took the "path of least resistance," after two hours of rain, by climbing through the guardrails and walking onto narrow pipes instead of using the scaffolding meant to prevent individuals from falling.[4]

The Court finds that the risk of climbing under the scaffolding's guardrails onto the pipes instead of walking on the scaffolding was an open and obvious risk. Apache owed no duty to plaintiff for diverting from the scaffolding onto the pipes. The uncontroverted evidence is sufficient to establish that a reasonably prudent person would have used the scaffolding designated by Apache, whereas, Mr. Muir deliberately chose a pathway that was an open and obvious risk.

## **CONCLUSION**

For the reasons set forth above, Plaintiff has failed to establish that Defendant Apache owed him a duty to protect against an open and obvious risk. Accordingly, the

---

[4] Defendant's exhibit A, Muir Deposition, pp. 59:11-16, 90-91, 96:11-16.

Court will grant Apache's motion for summary judgment and dismiss Plaintiffs' claims with prejudice at Plaintiffs' costs.

**THUS DONE AND SIGNED** in Chambers, on this 6th day of November, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**